FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2018

JEFFREY P. COLWELL
CLERK

Justin Mohn

1625 E Woodmen Road, Apartment 49

Colorado Springs, CO 80920

Phone: (719) 432-8416 Email: justindmohn@gmail.com


May 24th, 2018

Jeffrey P. Colwell, Clerk

Alfred A. Arraj United States Courthouse

901 19th Street, Room A105

Denver, CO 80294-3589


*Re: Justin Mohn v Progressive Insurance*

*Case Number: 1:18-cv-00812-MSK-KMT*


Dear U.S. District Court,

Progressive's legal representation has reminded me of the mutual arbitration agreement (included in envelope) I signed as terms of employment with Progressive. According to an American Arbitration Association (AAA) representative named Gary who can be reached at 559-650-8026, resolution to this case may first occur through the Court's ADR, lawsuit, private settlement negotiations, or AAA despite this arbitration agreement.

Although the $200 fee to file with the AAA is a financial burden to me at this time, I will honor the arbitration agreement so as to not violate it, and so I wish for the Court to stay in court proceedings according to 9 U.S. Code § 3, since the defendant told me they would attempt to make a motion to dismiss this complaint and compel arbitration (and was even kind enough to provide me with a form to dismiss it myself if I wanted to…) There is no need to dismiss this complaint and compel arbitration upon the defendant's request since I agree to arbitration through the AAA per the agreement, rather, this legal case should proceed until arbitration is successful and this case should, if nothing else, act as my insurance in case Progressive does not honor the mutual arbitration agreement or in case AAA arbitration fails - or in case it is feasible to resolve this case through the Court's ADR or lawsuit before the 258-288 day timeline for AAA arbitration.

If and when AAA arbitration is successful, then I will dismiss this case per the arbitration agreement. Lastly, since private settlement negotiations have not yet been successful between the parties (letters of demand can be provided if desired), I wish to make a motion for the Court to conduct a settlement conference (ADR) to attempt to resolve this case. I would find it odd if Progressive prefers to pay thousands of dollars in fees for AAA arbitration rather than resolve this case first through Court sponsored ADR, as I mentioned to Progressive's legal representation. Thank you for your time.

Sincerely,

Justin Mohn

**IMPORTANT!**  Anyone who wishes to be considered for employment by Progressive must read and agree to the following Mutual Arbitration Agreement.  If you would like, you may stop the application process at this point and take additional time to review this Agreement.  This Agreement affects your legal rights, and you are welcome to consult with legal counsel before entering into it.  Please note that anyone who does not agree to the terms of this Agreement is not eligible for employment with Progressive.

## MUTUAL ARBITRATION AGREEMENT

**Arbitration**.  Progressive recognizes that differences may arise between an employer and its applicants and employees that cannot be resolved without the assistance of an outside adjudicator.  This Mutual Arbitration Agreement ("Agreement") provides for arbitration as the forum for resolving those differences.  By this Agreement, both you and Progressive agree to resolve any and all such claims, disputes or controversies arising out of or relating to your application for employment with Progressive, your employment with Progressive, and/or the termination of your employment with Progressive exclusively by arbitration to be administered by the American Arbitration Association ("AAA").  You and Progressive expressly waive the right to trial by jury for all such claims. The AAA shall administer the arbitration proceedings pursuant to its *Employment Arbitration Rules and Mediation Procedures* then in effect.  Copies of AAA's Rules are available on AAA's website, http://www.adr.org, or may be obtained by contacting Progressive at 440-395-3672.  In the event of a conflict between the terms of this Agreement and any applicable AAA rule, the terms of this Agreement shall govern.  In all cases, a demand for arbitration must include a definite statement of the claim being raised, including applicable facts and legal allegations.

**Covered Claims**.  Some, but not all, of the types of claims covered by this Agreement are: unpaid wages, overtime, or other compensation; discrimination or harassment on the basis of race, color, sex, age, national origin, ancestry, citizenship, religion, military or veteran status, disability, or any other unlawful basis; breach of contract; unlawful retaliation; claims relating to leaves of absence; employment-related tort claims such as defamation or negligence; and claims arising under any statutes, regulations or other laws applicable to applicants, to employees, or to the employment relationship.  Claims not covered by this Agreement are: administrative claims by an employee for workers' compensation, disability insurance, or unemployment benefits; claims for benefits under a Progressive benefit plan or program that provides its own process for dispute resolution and arbitration of disputes; claims in court by Progressive or by you for emergency or temporary injunctive relief pending appointment of an arbitrator and the opportunity to be heard for similar relief by the arbitrator; and claims seeking relief according to statutes which expressly prohibit arbitration or for which this Agreement would be invalid as a matter of law. Specifically excluded are claims by a whistleblower under the Sarbanes-Oxley Act alleging unlawful retaliation against Progressive.  This Agreement does not affect or limit your right to file an administrative charge or to cooperate with a state or federal agency such as the National Labor Relations Board, the Equal Employment Opportunity Commission, or the Securities and Exchange Commission; you are not waiving your rights under Section 7 of the National Labor Relations Act, if any; and you will not be subjected to or threatened with any adverse employment action for exercising any such rights.  You and Progressive agree that you and Progressive are subject to the Federal Arbitration Act ("FAA") and that this Agreement shall be enforceable pursuant to and interpreted in accordance with the FAA.

**Class Action, Collective Action and Representative Action Waiver.**  Because this Agreement is intended to resolve the particular dispute as quickly as possible, the Arbitrator shall not have the authority to consolidate or join the claims of other current or former employees or applicants into a single proceeding, to fashion a proceeding as a class, collective, or representative action, or to award relief to a class or group of current or former employees or applicants.  All claims covered by this Agreement may be brought and resolved on an individual basis only.  Both you and Progressive are waiving any right to bring claims as class, collective, or representative actions.

**Authority of the Arbitrator**.  The Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a former judge who presided in the jurisdiction where the arbitration will be conducted, and shall have substantial experience in labor and employment matters.  The Arbitrator shall have the authority to award the same damages and other relief that would have been available to you as an individual claimant in court pursuant to applicable law.  The Arbitrator shall not have the authority to add to, amend, or modify existing law or to alter the at-will status of the relationship between you and Progressive.  The Arbitrator shall have the authority to limit discovery and other pretrial proceedings to what is appropriate for the presentation

of the claims and defenses, reasonable and proportional to the claims at issue, and necessary for a prompt resolution of the dispute. Absent a showing of substantial need by either party or an inability to pursue or defend certain claims, the Arbitrator shall limit discovery to 25 interrogatories/document requests per party and to two depositions per party. The Arbitrator shall have the authority to consider and rule on dispositive motions, such as motions to dismiss and motions for summary judgment, in accordance with the standards and burdens generally applicable to such motions in federal district court. The Arbitrator may issue subpoenas to compel the attendance of witnesses and to compel the production of documents during discovery and at the hearing and shall do so upon reasonable request of either party. It is expected that the arbitration hearing will be held within 180 days of the appointment of the Arbitrator. The award will be in writing and signed by the Arbitrator in the form typically used in employment arbitrations. The written decision will include the reasons for the award (including findings of fact and conclusions of law) and the precise award or remedy granted, if any.

**Arbitrability.** The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including without limitation any claim that this Agreement is void or voidable; provided, however, that any question or dispute concerning the interpretation, enforcement, or validity of the waiver and prohibition on class, collective, and representative actions shall be decided by a court and not the Arbitrator.

**Procedures.** If either you or Progressive pursues a civil action in court involving claims that are not arbitrable and also pursues claims that are properly subject to arbitration, you and Progressive agree that the court shall stay litigation of the non-arbitrable claims and require that arbitration proceed with respect to those claims subject to arbitration. It is agreed that the Arbitrator's award and any related decisions on the arbitrable claims, including any determination of disputed factual or legal issues, shall be entitled to full force and effect in any civil action regarding the non-arbitrable claims.

**Confidentiality.** You and Progressive agree that the arbitration proceedings shall be conducted in confidence, except as prohibited by applicable law, and all documents, testimony, and records shall be received and maintained in confidence by you, Progressive, the Arbitrator, and the AAA.

**The Parties.** For purposes of this Agreement, "Progressive" shall include all of the entities that comprise The Progressive Group of Insurance Companies, and all of the entities that control, are controlled by, or are under common control with The Progressive Group of Insurance Companies, specifically including but not limited to Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, Progressive Northern Insurance Company, Progressive RSC, Inc., Progressive Capital Management Corp., and Progressive Auto Pro Insurance Agency, Inc., as well as their respective officers, directors, managers, supervisors, employees (current and former) and any trade names or alleged joint employers. The scope of the obligation to arbitrate claims against Progressive shall include claims against any and all such entities and persons.

**Effective Date, Modification, Survival, and Termination.** This Agreement shall be effective the date that you submit your application for employment with Progressive, and shall survive the termination of the employment relationship with Progressive if you are hired. If any provisions of AAA's Rules or of this Agreement are determined by the Arbitrator or by any court to be unlawful, invalid, or unenforceable, such provisions shall be severed or modified so that the Agreement may be enforced to the greatest extent permissible under the law, with all remaining terms and provisions to continue in full force and effect; provided, however, that if it is determined that this Agreement's prohibition of class, collective, and representative actions would be unlawful, void, or unenforceable as applied to any particular claim purportedly brought on a class, collective, or representative basis, then that particular claim shall not be subject to this Agreement and must instead be litigated in state or federal court. This Agreement may be modified or terminated by Progressive after thirty days written notice to you. Any modifications or terminations shall be prospective only and shall not apply to any claims or disputes that are pending in arbitration or that have been initiated by either you or Progressive.

**Special Note:** This Agreement and the Rules referenced above are important and affect your legal rights. By continuing with the application process, you acknowledge that you have had the opportunity to familiarize yourself with the Agreement and Rules and understand their meaning and their legal impact.

By submitting your application for employment by Progressive, you agree to be bound to this Agreement, as does Progressive.  You understand that, as more fully set forth above, you must arbitrate any and all covered employment-related claims against Progressive on an individual basis, and that you may not file a lawsuit or pursue a jury trial in court in regard to any claims or disputes covered by this Agreement.

Version Date:  January 18, 2016

Candidate Name
**Mohn, Justin D. (4305955)**

# Disqualification Questions

| Question | Answer | Result |
|---|---|---|
| 1. Are you subject to any agreement (e.g., non-compete) that may restrict your ability to be employed with Progressive Group of Insurance Companies?<br>Type: Single Answer | X No | The Candidate Passes |
| 2. Have you ever been convicted of a felony involving breach of trust or dishonesty, for which you have not received a waiver from a state Department of Insurance? Examples include fraud, theft, robbery, burglary, perjury, passing bad checks, embezzlement. You should also answer " yes " to this question even if the felony conviction was later expunged. **Last Updated: 1/8/14**<br>Type: Single Answer | X No | The Candidate Passes |
| 3. If hired, are you legally authorized to work in the United States?<br>Type: Single Answer | X Yes | The Candidate Passes |
| 4. To be considered for employment, all applicants must agree to the Mutual Arbitration Agreement available at <a href="https://www.progressive.com/content/pdf/jobs/Mutual_Arbitration_Agreement_2016_01_18.pdf" target="_blank">this link</a>. <b>Please click the link, open the Agreement and read it in full before proceeding.</b> To agree to the Agreement, select " I agree " from the drop-down menu below. If you select " I do not agree, " you will be unable to complete the application process and will not be considered for employment.<br>Type: Single Answer | X I agree | The Candidate Passes |
| 5. Will you now, or in the future, require visa sponsorship for employment (e.g. H-1B)? **Updated 3/6/18**<br>Type: Single Answer | X No | The Candidate Passes |



Justin Mohn
1625 E Woodman Rd Apt 49
Colorado Springs, CO 80920

Jeffrey V. Colwell, Clerk
Alfred A. Arraj United States Courthouse
901 19th St., Room A105
Denver, CO 80294-3589

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

7018 0360 0001 6497 5463

80294-250151

U.S. POSTAGE PAID
COLORADO SPRINGS, CO
80920
MAY 24, 18
AMOUNT
$6.91
80294                    R2304E107269-50

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE