**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  1:18-cv-00812-MSK-KMT

JUSTIN MOHN,

        Plaintiff,

v.

PROGRESSIVE INSURANCE,

        Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

---

Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"), by and through its undersigned counsel, respectfully serves the following Objections and Responses to Plaintiff's First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

These Responses and objections are based upon information presently known and available to Defendant.  Defendant will supplement these responses with additional information should additional information become available to Defendant.

1.      Defendant objects to each and every Interrogatory to the extent it attempts to impose obligations beyond those established by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

2.      These Responses are made solely for the purpose of this action.  Each response and/or document produced is subject to all objections as to competence, relevance,

# EXHIBIT J

materiality, propriety and admissibility, and any and all other objections and/or grounds that would require exclusion of any documents, or portions thereof, produced herewith, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Defendant objects to the Interrogatories to the extent that they are not limited in time or scope.

4. Defendant objects to the Interrogatories to the extent that they seek personal or confidential information or documents relating to any person who is not a party to this action on the grounds that such requests invade the privacy of such individuals.

5. Defendant objects to the Interrogatories to the extent that they seek confidential business, personnel, operational, and/or financial information or documents.

6. Defendant objects to the Interrogatories to the extent that they seek information or documents concerning individuals who were not, or are not, similarly situated to Plaintiff.

7. Defendant reserves the right to assert any applicable objections to the disclosure of any such additional information or documents, or to the introduction of the responses or any information contained therein as evidence at any subsequent stage of this proceeding.

8. All General Objections apply to each specific Request without reiteration therein. A specific objection that expressly incorporates the substance of a General Objection, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to any other Request.

The foregoing Qualifications and General Conditions are incorporated into each of the Responses and Objections to the specific Requests set forth below.

2

## RESPONSES TO FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify all persons who may have knowledge of facts concerning the allegations in the Complaint or the Answer and state your understanding of their knowledge.

**Answer:** Defendant objects to this request as overbroad to the extent that it requires Defendant to identify "all" persons who "may" have knowledge of "any" allegations in the Complaint or the Answer. The request is also not proportional to the needs of this case for that reason. Subject to these objections, Defendant answers as follows:

(1) Justin Mohn, 1625 E. Woodmen Rd., Apt. 49, Colorado Springs, CO 80920, 719-432-8416. Mohn is the Plaintiff in this case and has knowledge regarding his employment with Progressive and his claims against Progressive.

(2) Greg Lofthus, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800 Denver, CO 80202, 303-629-6200, Lofthus is the CRM Coach for certain individuals in Progressive's Customer Relationship Management ("CRM") organization. Lofthus likely has knowledge regarding Mohn's employment with Progressive and he may have knowledge of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(3) Beverly Auld-Feldman, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200, Auld-Feldman is a CRM Manager for Progressive. Auld-Feldman likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(4) Rebecca Coffey, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200, Coffey is a CRM Supervisor for Progressive. Coffey likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(5) Charlie Baughman, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Baughman is a Colorado Springs, Colorado Senior Site Manager for Progressive. Baughman likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(6) Steven J. "Jim" Lawson, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Lawson is a Human Resources representative for Progressive. Lawson likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(7) Sharon Riegel, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Riegel is a Senior Human Resources Business Leader for Progressive. Riegel likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(8) Jeannine Bryla, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Bryla is a Senior Human

Resources Manager (CRM) for Progressive. Bryla likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(9) Scott Conley, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Conley is a Corporate Examiner (Investigations) for Progressive. Conley likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(10) Preston Bernardi, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Benardi is a Manager of Emergency Communications (Security) for Progressive. Bernardi likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(11) Thomas Haas, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200.  Haas is a Security Contractor for Progressive. Haas likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(12) Sue Eline-White, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Eline-White is a Senior Human Resources Manager (Claims) for Progressive. Eline-White likely has knowledge

regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

(13) Patricia Harvey, c/o Margaret Parnell Hogan, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202, 303-629-6200. Harvey is a Human Resources Consultant for Progressive. Harvey likely has knowledge regarding Mohn's employment with Progressive and of the valid reasons why Mohn is not entitled to any relief for the claims alleged in the lawsuit.

Answering further, Defendant incorporates its current and any future supplemental Rule 26 Disclosures.

**Interrogatory No. 2:** Identify all persons with whom Defendant and officers of Defendant have communicated (exclusive of counsel in the above-captioned action) concerning the allegations in the Complaint or the Answer and describe those communications.

**Answer:** Defendant objects to this Interrogatory to the extent that it is invasive of the attorney-client and attorney work product privileges. Defendant further objects to this request as overbroad to the extent that it requires Defendant to identify "all" persons who "may" have knowledge of "any" allegations in the Complaint or the Answer. The request is also not proportional to the needs of this case for that reason. Subject to these objections, Defendant answers as follows: please see Defendant's Answer to Interrogatory No. 1.

**Interrogatory No. 3:** Identify all persons whom Defendant intends to call as witnesses at trial and give a summary of their anticipated testimony.

**Answer**: Defendant objects to this Interrogatory as premature. Defendant will identify trial witnesses in accordance with the Court's Scheduling Order.

**Interrogatory No. 4:**   For the past five years, identify all persons who have made complaints of employment discrimination, a hostile work environment, employment torts, sex-based pay discrimination under the Equal Pay Act of 1963, or retaliation, against Defendant(s), its employees or officers; set forth the allegations of the complaint in detail; and describe in detail any action taken by the Defendant or its employees in response to the complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained.

**Answer**: Defendant objects to this request on the basis that it seeks inadmissible "me too" evidence and therefore is not proportional to the needs of this case. The U.S. Supreme Court has held that evidence related to alleged discrimination against employees other than the Plaintiff, so-called "me too" evidence, is generally not relevant to claims of discrimination. *See generally Sprint v. Mendelsohn*, 552 U.S. 379 (2008); *Sprint v. Mendelsohn*, 587 F. Supp. 2d 1201, 1218 (D. Kan. 2008), aff'd, 402 Fed. Appx. 337, 2010 U.S. App. LEXIS 23451 (2010) (applying ruling on remand to exclude all "me too" evidence). Further, information related to the fact that discrimination has previously been alleged and/or that such allegations have been investigated is not probative to whether discrimination occurred as a matter of law. *See Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980) ("evidence or testimony [regarding prior charges of discrimination] would . . . raise potentially damaging inferences against Glenmore that are not supported by the mere fact that a 'charge' had been filed."). Accordingly, requests related to allegations of discrimination by third

7

parties, including requests related to any component of such allegations, the employer's response to them, or actions that were ultimately taken in relation to them, seek information that is not itself relevant, and which, without some concrete and specific demonstrated connection to the Plaintiff and/or the Plaintiff's claims, are also not reasonably calculated to lead to the discovery of relevant evidence.

**Interrogatory No. 5:** Set forth in detail which allegations in the Complaint Defendant was aware of prior to the service of the Complaint in this lawsuit. State the employee or employees who were aware of such facts, the source of their knowledge, the facts of which each such employee was aware, and Defendant's response to such facts, if any.

**Answer:** Defendant objects to this request as unduly burdensome in that it requires Defendant to ascertain what each Progressive employee knew and at what time he/she knew it without limitation by name, title, dates of employment, etc. The request is not proportional to the needs of this case for the same reason. Defendant further objects to the extent that this request seeks to invade the attorney-client and/or work product privileges. Subject to these objections, Defendant answers that in lieu of responding to this Interrogatory and pursuant to Rule 33(d), Defendant is producing emails related to Plaintiff's employment in response to Plaintiff's Requests for Production, which are sufficient to provide the information requested by this Interrogatory that is not otherwise objectionable.

**Interrogatory No. 6:** Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of discrimination and describe the actions of such individuals in detail. Please include what steps (identify the individuals

involved, and the relevant dates), if any, Defendant took to prevent retaliation against Plaintiff after he complained about discrimination.

**Answer**: Defendant objects to this request to the extent that it calls for a narrative, thus exceeding the scope of the Federal Rules of Civil Procedure, by asking Defendant to "describe" "in detail" the actions taken by each individual. Defendant further objects to the extent that this request seeks to invade the attorney-client and/or work product privileges. Subject to these objections, Defendant answers as follows: Sharon Riegel, Sue Eline-White, Patricia Harvey, Jim Lawson, Rebecca Coffey, Beverly Auld-Feldman, Greg Lofthus, Charlie Baughman, and Progressive's legal counsel were all involved in addressing and/or investigating Plaintiff's various complaints throughout his employment. They proceeded in accordance with Progressive's policies of anti-discrimination and anti-retaliation, including without limitation, conducting a prompt and thorough investigation.

**Interrogatory No. 7**: Does the Defendant contend that the Defendant maintained a Human Resources department (or business partner) and or Human Resources manager during the relevant time period (January 1st, 2016 to present) of the alleged discrimination complained of in this suit? If so, identify the Human Resources manager and all employees of the Human Resources department (or business partner) who were involved in the events alleged in the Complaint or Answer and describe their actions.

**Answer:** Defendant objects that this request is vague and ambiguous. Defendant further objects that this request seeks information that is not relevant or reasonably likely to lead to the discovery of information that is relevant or otherwise admissible. Subject to these objections, Defendant states that it maintains Human Resources personnel who addressed

various issues related to Plaintiff's employment with Progressive. These individuals included (without limitation) Jim Lawson, Jeannine Bryla, Sharon Riegel, Sue Eline-White, and Patricia Harvey.

**Interrogatory No. 8:**  Describe in detail all training provided to Defendant's employees regarding the prevention of employment discrimination/harassment, employment torts, and/or retaliation, and complaint procedures, including the date and place of each such session. Identify each person who conducted each training session, and the relevant persons who attended (such as Greg Lofthus, Beverly Auld-Feldman, Jim Lawson, Rebecca Coffey, Tamara Marchese, and Charlie Baughman), and state whether attendance was mandatory.

**Answer:** Defendant objects to this request to the extent that it calls for a narrative by asking Defendant to "describe in detail" all training provided to each employee identified above. Defendant further objects to the extent that this request purports to be a single interrogatory and that it impermissibly contains multiple subparts. *See, e.g., Wildearth Guardians v. Public Service Co. of Colorado*, 2010 WL 5464313 (D. Colo. Dec. 29, 2010) ("once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").  Subject to these objections, Defendant answers as follows: pursuant to Rule 33(d), in lieu of answering this Interrogatory, Defendant is producing documents sufficient to show the training history for Greg Lofthus, Beverly Auld-Feldman, Jim Lawson, Rebecca Coffey, Tamara Marchese, and Charlie Baughman, bates labeled as Progressive 0000358 - Progressive 0000512.

**Interrogatory No. 9:**  Please list and or reveal the salary or hourly wage of each employee in Plaintiff's training class and identify each employee. Please include each employee's starting salary or hourly wage, any and all changes in salary or hourly wage, and the dates of changes in salary or hourly wage.

**Answer:**  Defendant objects to this request to the extent that is seeks confidential and personally identifiable information of non-parties to this lawsuit. Subject to this objection, Defendant answers as follows: pursuant to Rule 33(d), in lieu of answering this Interrogatory, Defendant is producing documents sufficient to show the respective wages of the employees in Plaintiff's training class bates labeled Progressive 0000165-71.

**Interrogatory No. 10:**  If Defendant contends Plaintiff has not performed any act, or a condition precedent has not occurred, that is necessary for Plaintiff to file suit, state with particularity the act or event defendant alleges has not occurred.

**Answer:**  Defendant objects to this request as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant is unable to speculate as to what information is sought by this Interrogatory and will not answer this Interrogatory on that basis. Defendant further objects that this request requires a legal response not within the purview of the individual answering these interrogatories. Defendant invites Plaintiff to clarify the information sought by Interrogatory No. 10.

**Interrogatory No. 11:**  If Defendant contends that Plaintiff was not discriminated against at Progressive, retaliated against, denied a promotion, a victim of sex-based pay discrimination, and or wrongfully terminated, state with particularity all facts supporting the contention(s).

**Answer**: Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention.

Subject to these objections, Defendant answers as follows: Progressive is an equal opportunity employer committed to maintaining a workplace that is free from unlawful discrimination and retaliation. Progressive denies Plaintiff's allegations of discrimination based on his sex. Progressive terminated Plaintiff's employment for legitimate, non-discriminatory business reasons. Plaintiff began his employment with Progressive on October 24, 2016 in Colorado Springs, Colorado. Progressive was aware of his sex, male, at the time that it hired him. Progressive worked with Plaintiff with respect to concerns and questions raised and allowed him to take a personal leave of absence at Plaintiff's request so he could travel across the country to explore whether or not Plaintiff wanted to move across country. Based on performance and behavior issues, on August 24, 2017, Plaintiff was terminated from employment. No decisions regarding Plaintiff were based on his sex, male, or any other protected characteristic or activity. Defendant further incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 12**: If defendant contends that plaintiff was not subjected to or a victim of tortious conduct at Progressive, that plaintiff did not suffer severe emotional distress from any tortious conduct by defendant, and or there is no causal connection between defendant's conduct and plaintiff's suffering; state with particularity all facts supporting the contention(s).

**Answer**: Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention. Subject to these objections, Defendant answers as follows: Defendant incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 13**: If defendant contends all employees similarly situated and in the same position or job role as plaintiff were treated in an equal manner as plaintiff, state with particularity all facts supporting the contention.   In stating with particularity all facts supporting the contention, please state the name, gender, position or job title, and employment dates of all employees and other persons which refer or relate to Requests for Production Nos. 8, 9, 10, 11, 14, 16, 17, and 19 in Plaintiff's First Set of Request for Production of Documents.

**Answer:** Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention. Subject to these objections, Defendant answers as follows: Defendant incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 14:** If defendant contends there is a legitimate nondiscriminatory reason for the acts or events Plaintiff alleges were discriminatory, state with particularity all facts supporting the contention.

**Answer:** Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also

objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention.

Subject to these objections, Defendant answers as follows: Progressive is an equal opportunity employer committed to maintaining a workplace that is free from unlawful discrimination and retaliation. Progressive denies Plaintiff's allegations of discrimination based on his sex. Progressive terminated Plaintiff's employment for legitimate, non-discriminatory business reasons. Plaintiff began his employment with Progressive on October 24, 2016 in Colorado Springs, Colorado. Progressive was aware of his sex, male, at the time that it hired him. Progressive worked with Plaintiff with respect to concerns and questions raised and allowed him to take a personal leave of absence at Plaintiff's request so he could travel across the country to explore whether or not Plaintiff wanted to move across country. Based on performance and behavior issues, on August 24, 2017, Plaintiff was terminated from employment. No decisions regarding Plaintiff were based on his sex, male, or any other protected characteristic or activity.  Defendant further incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 15:**  If defendant(s) contends there is a legitimate non-tortious (intentional inflection of emotional distress or other employment tort) reason for the acts or events Plaintiff alleges were tortious, and that defendant(s) did not engage in extreme and or outrageous conduct towards Plaintiff; and there was no intent by defendant(s) to cause, or disregard of a substantial probability of causing severe emotional distress towards Plaintiff; state with particularity all facts supporting the contention(s).

**Answer:** Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention. Defendant further objects that this Interrogatory does not seek relevant information.

Subject to these objections, Defendant answers as follows: Progressive is an equal opportunity employer committed to maintaining a workplace that is free from unlawful discrimination and retaliation. Progressive denies Plaintiff's allegations of discrimination based on his sex. Progressive terminated Plaintiff's employment for legitimate, non-discriminatory business reasons. Plaintiff began his employment with Progressive on October 24, 2016 in Colorado Springs, Colorado. Progressive was aware of his sex, male, at the time that it hired him. Progressive worked with Plaintiff with respect to concerns and questions raised and allowed him to take a personal leave of absence at Plaintiff's request so he could travel across the country to explore whether or not Plaintiff wanted to move across country. Based on performance and behavior issues, on August 24, 2017, Plaintiff was terminated from employment. No decisions regarding Plaintiff were based on his sex, male, or any other

protected characteristic or activity. Defendant further incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 16:**  If defendant contends the employer, Progressive, is not vicariously liable for employees' torts under the theory of respondeat superior because the employer had no actual knowledge of any tortious conduct even after defendant was made aware of the alleged conduct complained of in this suit by Plaintiff; and defendant further contends they did take adequate steps to remedy the situation; state with particularly all facts supporting the contention(s).

**Answer:** Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege.  Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention.

Subject to these objections, Defendant answers as follows: Progressive is an equal opportunity employer committed to maintaining a workplace that is free from unlawful discrimination and retaliation. Progressive denies Plaintiff's allegations of discrimination based on his sex. Progressive terminated Plaintiff's employment for legitimate, non-discriminatory business reasons. Plaintiff began his employment with Progressive on October

24, 2016 in Colorado Springs, Colorado. Progressive was aware of his sex, male, at the time that it hired him. Progressive worked with Plaintiff with respect to concerns and questions raised and allowed him to take a personal leave of absence at Plaintiff's request so he could travel across the country to explore whether or not Plaintiff wanted to move across country. Based on performance and behavior issues, on August 24, 2017, Plaintiff was terminated from employment. No decisions regarding Plaintiff were based on his sex, male, or any other protected characteristic or activity. Defendant further incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 17:** If defendant contends defendant's employment practices in this suit are neutral as to discrimination and tortious conduct, and furthermore, neutral as to discriminatory and or tortious practices under the concept of respondeat superior, state with particularity all facts supporting the contention(s).

**Answer:** Defendant objects that this Interrogatory seeks a dress rehearsal of Defendant's presentation at trial, and thus no response is required. *See, e.g., United States v. Renault, Inc.* 27 F.R.D. 23, 26-27, 29 (S.D.N.Y. 1960); 4a Moore's Federal Practice 33.12 (2d ed. 1980). Defendant also objects to the extent that this Interrogatory seeks the mental impressions of counsel, and thus seeks to violate the protections provided by the work product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks to invade communications protected from discovery by the attorney-client privilege. Defendant also objects that this request is overbroad and unduly burdensome in asking Defendant to state "with particularity all facts" supporting its contention.

Subject to these objections, Defendant answers as follows: Progressive is an equal opportunity employer committed to maintaining a workplace that is free from unlawful discrimination and retaliation. Progressive denies Plaintiff's allegations of discrimination based on his sex. Progressive terminated Plaintiff's employment for legitimate, non-discriminatory business reasons. Plaintiff began his employment with Progressive on October 24, 2016 in Colorado Springs, Colorado. Progressive was aware of his sex, male, at the time that it hired him. Progressive worked with Plaintiff with respect to concerns and questions raised and allowed him to take a personal leave of absence at Plaintiff's request so he could travel across the country to explore whether or not Plaintiff wanted to move across country. Based on performance and behavior issues, on August 24, 2017, Plaintiff was terminated from employment. No decisions regarding Plaintiff were based on his sex, male, or any other protected characteristic or activity. Defendant further incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.

**Interrogatory No. 18**: For the 1 year period immediately preceding Plaintiff's Progressive Academy graduation, denial of promotions, and termination, reveal each employment decision defendant made regarding Plaintiff's seniority, merit system, time of graduation from Academy, denial of promotions, and termination.  Please include the date and identity of the persons who made each decision and the employees subject to each decision, and whether defendant received any notice of dispute resulting from each decision.

**Answer**: Defendant objects to this request to the extent that it calls for a narrative by asking Defendant to describe "each decision defendant made" with respect to Plaintiff's employment as well as the person(s) who made the decision and the actions taken by each individual.

Defendant also objects to this Interrogatory to the extent that it purports to be a single interrogatory and that it impermissibly contains multiple subparts. *See, e.g., Wildearth Guardians v. Public Service Co. of Colorado*, 2010 WL 5464313 (D. Colo. Dec. 29, 2010) ("once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").

Subject to these objections, Defendant answers as follows: pursuant to Rule 33(d), in lieu of answering, Defendant is producing document sufficient to show decisions made with respect to Plaintiff's employment throughout his employment with Defendant.

**Interrogatory No. 19:** Why did Defendant (or counsel for Defendant) remind Plaintiff about the arbitration agreement between the parties only for the Defendant (or counsel for Defendant) to refuse to pay arbitration fees and refuse to participate in arbitration all prior to Plaintiff making a motion to stay arbitration?

**Answer:** Defendant objects to this Interrogatory as improperly seeking Defense counsel's mental impressions. Defendant further objects that interrogatories may only be propounded to parties in a lawsuit, and Progressive's counsel is not a party. Defendant will not respond to this Interrogatory on that basis.

**Interrogatory No. 20:** In reference to Plaintiff's REQUEST FOR PRODUCTION NO. 20: *"Please produce a photograph, picture, image in electronic file format (.tif, .jpeg, .pdf, etc.), or some other form of visual media which fully and clearly reveals Greg Lofthus's tattoo on his arm of a dog (or other canine such as a wolf) which was given to him by Progressive (or paid for by Progressive)."*

Please describe what this dog (or wolf or other canine) tattoo on Greg Lofthus's arm means to Greg. Please describe what this dog (or wolf or other canine) tattoo on Greg Lofthus's arm means to Progressive.

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant also objects that this Interrogatory is unduly invasive of the privacy interests of non-parties to this lawsuit and not proportional to the needs of discovery. Defendant will not respond to this Interrogatory on that basis.

**Interrogatory No. 21:** In reference to Plaintiffs REQUEST FOR PRODUCTION NO. 21: *"Please produce a photograph, picture, image in electronic file format (.tit, .jpeg, .pdf, etc.), or some other form of visual media which reveals any tattoo(s) on Beverly Auld-Feldman, Jim Lawson, and or Charlie Baughman given to them by Progressive (or paid for by Progressive)."*

Do other Progressive employees (specifically in the Academy department and senior management) have tattoos given to them or paid for by Progressive? If Beverly Auld-Feldman, Jim Lawson, and or Charlie Baughman have tattoos given to them or paid for by Progressive [similar to Greg Lofthus's doggy tattoo on his arm], please describe what their respective tattoos mean to each of them. Please describe what each of their respective tattoos mean to Progressive.

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant also objects that this Interrogatory is unduly invasive of the privacy interests of non-parties to this

lawsuit and not proportional to the needs of discovery. Defendant will not respond to this Interrogatory on that basis.

**Interrogatory No. 22**: In reference to Plaintiffs REQUEST FOR PRODUCTION NO. 22: *"Please produce any and all [not insurance policy related] documents and or communications between Progressive (or employees of Progressive) and Plaintiff's family members [who live or lived in Pennsylvania] for the time period of January 1st, 2011 until present."*

Was Progressive or were Progressive employees aware of Plaintiff's parents visit to Colorado Springs, CO just before Memorial Day of 2017?   If Progressive employees were aware, or became aware of Plaintiff's parents visit to Colorado Springs, describe how Progressive employees found out or knew Plaintiff's parents were in Colorado Springs, CO, and describe what communications or other interactions took place between Progressive employees and Plaintiff's parents or other family members of Plaintiff.

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant further objects that this Interrogatory is overbroad and unduly burdensome in that the terms "Progressive" and "Progressive employees" encompass all employees without limitation by title, location, dates of employment, etc.  It is not proportional to the needs of this case for that reason. Subject to this objection, Defendant responds that it has made a good faith effort to ascertain whether Rebecca Coffey, Beverly Auld-Feldman, Charlie Baughman, Steve "Jim" Lawson, Greg Lofthus, or Briana Vanier were aware of Plaintiff's parents visit to Colorado Springs on the date in question and they have no knowledge of this alleged event.

**Interrogatory No. 23**:  Please identify any religious/cultural institutions, organizations, or cults which Greg Lofthus, Beverly Auld-Feldman, Jim Lawson, and or Charlie Baughman belong to or are affiliated with.  Are there other Progressive employees (specifically in the Academy department and senior management) who belong to any of the same religious/cultural institutions, organizations, or cults of the aforementioned individuals?  Can you describe any religious, cultural, other requirements, restrictions, tattoos (or other markings), languages, or codes (or other symbols) used within the religious/cultural institutions, organizations, or cults which the aforementioned individuals belong to or are affiliated with?

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant also objects to the extent that this purports to be a single interrogatory and that it impermissibly contains multiple subparts. *See, e.g., Wildearth Guardians v. Public Service Co. of Colorado*, 2010 WL 5464313 (D. Colo. Dec. 29, 2010) ("once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated."). Finally, Defendant objects that this Interrogatory is unduly invasive of the privacy interests of non-parties to this lawsuit. Defendant will not respond to this Interrogatory on that basis.

**Interrogatory No. 24:** In reference to Plaintiffs REQUEST FOR PRODUCTION NO. 23:

*"Please produce any and all documents and or agreements that refer or relate to labor and employment which were created, discussed, reviewed, negotiated, signed, and or executed during the meeting(s) of Mayor John Suthers and Governor John Hickenlooper at or with Progressive Insurance while Plaintiff was employed with Progressive.   Please also include in this production any such documents or agreements which were created, discussed, reviewed, and or negotiated during the aforementioned meeting(s) but which were signed and or executed at another time and or place."*

Please explain the nature of the meeting(s) at, or with Progressive by Mayor John Suthers and Governor John Hickenlooper while Plaintiff was employed at Progressive. Please identify any and all Progressive employees whom had any meeting with John Suthers and John Hickenlooper and describe the topics of the meeting(s) and any communications. Specifically, was Plaintiff a topic of any meeting or communication between Progressive and the aforementioned politicians, and was the hiring of about 900 more employees at Progressive's Colorado Springs site a topic of any meeting or communication?

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant also objects that this Interrogatory is vague and ambiguous in that it does not identify a specific meeting or event about which it seeks information.  It is also not proportional to the needs of discovery and overbroad and unduly burdensome for that reason. Finally, Defendant objects to the extent that this purports to be a single interrogatory and that it impermissibly contains multiple subparts. *See, e.g., Wildearth Guardians v. Public Service Co. of Colorado*, 2010 WL

5464313 (D. Colo. Dec. 29, 2010) ("once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").

Subject to these objections, Defendant responds that John Suthers attended an opening of Fire Station 22 on April 4, 2016, which is located nearby Progressive, and Progressive employees were also in attendance. The Pikes Peak WorkForce Center also hosted Mayor Hickenlooper on May 11, 2018, which is an event some Progressive employees attended. The city councilpersons, local Chamber, and the Colorado Springs Mayor have all visited Progressive on occasion, but not during the timeframe during which Plaintiff was employed. Their visits have not involved any negotiations, or contracts signed/reviewed.

**Interrogatory No. 25:**  Please explain Progressive's role(s) and or goal(s), if any, in public finance which refer or relate to labor and employment for cities specifically in Colorado and Ohio (Ohio being where Progressive's headquarters is.)   In your explanation, please describe how Progressive functions, communicates, and or works with politicians such as Colorado Governor John Hickenlooper and Ohio Governor John Kasich to carry out Progressive's role(s) and or goal(s) in public finance.

**Answer:** Defendant objects that the information sought by this Interrogatory is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. It is also not proportional to the needs of this case for that reason.  Subject to this objection, Defendant answers as follows: city councilpersons, local Chamber, and the Mayor of Colorado Springs

have all visited Progressive in their official capacities, but their visits have not involved any

negotiations, business deals, or contracts signed/reviewed.

DATED this 21st day of December, 2018.

Margaret Parnell Hogan
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Phone: 303.629.6200
Fax: 303.629.0200
Email: mphogan@littler.com


ATTORNEYS FOR DEFENDANT

I hereby certify that on this 21st day of December, 2018, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENT PRODUCTION** was served on the following via U.S. Mail, postage prepaid and FedEx:

Justin Mohn
1625 E. Woodmen Rd, Apt. 49
Colorado Springs, CO  80920
justindmohn@gmail.com

*Pro se*

*s/Arlene Aguilar*
Arlene Aguilar

## VERIFICATION

I, Jim Lawson, am a Senior Human Resources Consultant for Defendant Progressive Casualty Insurance Company ("Progressive" or "Defendant"). By virtue of my position, I have access to Progressive's business and employment records. I have reviewed Defendant's Responses to Plaintiff's First Interrogatories to Defendant. Certain of the matters set forth in Defendant's responses are not within my personal knowledge; however, the information is based upon facts compiled from employees and/or business records, and I am informed and believe that the information provided therein is true and correct.

Duly signed under oath on this 20<u>th</u> day of December, 2018.

_____
Jim Lawson

State of Colorado
County of El Paso

Signed 20th Day of December, 2018

Jeanette Lumsden

> JEANETTE LUMSDEN
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID # 20004019567
> My Commission Expires 07-15-2020

FIRMWIDE:159288889.2 076059.1053

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:18-cv-00812-MSK-KMT

JUSTIN MOHN,

       Plaintiff,

v.

PROGRESSIVE INSURANCE,

       Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUESTS FOR PRODUCTION**

---

       Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"), by and through its undersigned counsel, respectfully serves the following Responses to Plaintiff's First Set of Requests for Production of Documents as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

       1.     These Responses and objections are based upon information presently known and available to Defendant. Defendant will supplement these responses with additional information should additional information become available to Defendant.

       2.     Defendant objects to each and every Request for Production to the extent it attempts to impose obligations beyond those established by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

       3.     Defendant objects to the Requests for Production to the extent that they seek documents protected from discovery under the attorney-client and/or work product or other

applicable privileges or immunities.  Any inadvertent disclosure of privileged information or documents by Defendant is without prejudice to, and is not a waiver of any subsequent assertion of privilege by Defendant as to the information or document disclosed or as to other information.

4.      These Responses are made solely for the purpose of this action.  Each document produced is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and/or grounds that would require exclusion of any documents, or portions thereof, produced herewith, all of which objections and grounds are reserved and may be interposed at the time of trial.

5.      Defendant objects to the Requests for Production to the extent that they that seek information or documents in the possession, custody, or control of persons other than Defendant.

6.      Defendant objects to the Requests for Production to the extent that the documents requested therein are equally accessible to, or in the possession of, Plaintiff.

7.      Defendant objects to the Requests for Production to the extent that they are not limited in time.

8.      Defendant objects to the Requests for Production to the extent that they assume facts not in evidence.

9.      Defendant objects to the Requests for Production to the extent they seek documents in a format maintained outside the ordinary course of business.

FIRMWIDE:159288657.2 076059.1053

10.     Defendant objects to the Requests for Production to the extent that they seek personal or confidential information or documents relating to any person who is not a party to this action on the grounds that such requests invade the privacy of such individuals.

11.     Defendant objects to the Requests for Production to the extent that they seek information or documents about employees of entities other than Defendant.

12.     Defendant objects to the Requests for Production to the extent that they seek confidential business, personnel, operational, and/or financial information or documents.

13.     Defendant objects to the Requests for Production to the extent that they seek information or documents concerning individuals who were not, or are not, similarly situated to Plaintiff.  Consequently, Defendant will only provide information in its possession concerning similarly situated individuals during the relevant period.

14.     Defendant objects to the Requests for Production to the extent that they are duplicative, redundant, overlapping, and repetitive, and that the Requests, therefore, are unduly burdensome and incommensurate with Plaintiff's legitimate discovery needs.

15.     To the extent that any document request calls for production of Electronically Stored Information ("ESI") or data (including, but not limited to, e-mails), Defendant objects to the production of any such information or data that is not reasonably accessible to Defendant without imposing an undue burden or expense and agree to produce only that which is readily retrievable and responsive to Plaintiff's requests.  Defendant shall produce responsive ESI in PDF format.

16.     Defendant reserves the right to assert any applicable objections to the disclosure of any such additional information or documents, or to the introduction of the

3

responses or any information contained therein as evidence at any subsequent stage of this proceeding.

17.   All General Objections apply to each specific Request without reiteration therein. A specific objection that expressly incorporates the substance of a General Objection, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to any other Request.

The foregoing Qualifications and General Conditions are incorporated into each of the Responses and Objections to the specific Requests set forth below.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Please produce Plaintiff's complete personnel file(s), including, but not limited to, all grievances, human resources investigations, and charges or complaints of discrimination or retaliation filed by or against Plaintiff. Please include documents that support any and all of your contentions that Plaintiff was not discriminated and or retaliated against.

**RESPONSE:**  Following a reasonable search, Defendant has identified and is producing Plaintiff's personnel file and other documents responsive to this request.  The personnel file and documents are being produced as maintained in the ordinary course of business, and bates labeled Progressive 0000782; Progressive 0000784; Progressive 0000552; Progressive 0000001 –39. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not proportional to the needs of this case. Defendant further objects to the extent that this request seeks documents protected by the attorney/client or work product privileges. Finally, Defendant objects to this request to the extent that it purports to be a single

4

Request for Production. Defendant is not knowingly withholding any non-privileged documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 2**: Please produce copies of all e-mail and other electronic communications between Plaintiff and Defendant for the time period beginning January 15, 2016 until November 13, 2018. Please include the e-mail communications between Plaintiff's Progressive work email address of JUSTIN_D_MOHN@progressive.com and the Progressive work email addresses of the following defendants: Progressive Academy Coach Greg Lofthus, Progressive Manager Beverly Auld-Feldman, Progressive Manager Tamara Marchese, Progressive Supervisor Rebecca Coffey, Progressive's Human Resources Department, Progressive Human Resources Representative Jim Lawson. and Progressive Site Manager Charlie Baughman. If possible, please include communications stored in the conversation history inbox of Plaintiff's Progressive work email address so as to produce Skype (or other messenger) conversations.

**RESPONSE:** Defendant has performed a reasonable ESI search for email correspondence between Plaintiff and Beverly Auld-Feldman, Tamara Marchese, Rebecca Coffey, Progressive's Human Resources Department, Jim Lawson, and Charlie Baughman. Defendant has reasonably limited this search according to the following key search terms: Discrimin*; Gender; Sex; Male; Female; Graduat*; "Held Back"; Delay*; Prevent*; "pay scale"; Pay; "ETB"; Time w/2 off; Vacation; Sacramento; Transfer; Applic*; Schedule*; Position; Priority; and Intellectual Property. Defendant is producing responsive documents that may be relevant to this request bates labeled Progressive 0000555 – 826.

To the extent that Plaintiff's request seeks additional documents, Defendant objects that this request is overbroad and unduly burdensome in that it does not limit the emails requested to categories of information relevant to this lawsuit. Accordingly, the substantial cost associated with searching for and producing additional documents is not proportional to the needs of this case when balanced against the amount in controversy.

**REQUEST FOR PRODUCTION NO. 3**: Please produce any and all personnel manuals, employee handbooks, benefits manuals, transfer policies, and salary schedules which were applicable to Plaintiff at any time during his employment with Progressive.

**RESPONSE:**   Following a reasonable search, Defendant has identified and is producing the following policies that were applicable to Plaintiff during his employment, bates labeled Progressive 0000787; Progressive 0000788; Progressive 0000040; and Progressive 0000098. To the extent that Plaintiff's request seeks additional materials, Defendant objects that the phrase "salary schedules" is vague and ambiguous. Defendant further objects that requiring Defendant to produce "any and all" policies "applicable to Plaintiff at any time during his employment" is overbroad and unduly burdensome. The request is not proportional to needs of this case for the same reason.

**REQUEST FOR PRODUCTION NO. 4**: Please produce any and all relative coaches', supervisors, managers, human resources representatives' and or other relative job roles' manuals which were in effect at any time during Plaintiff's employment with Progressive for the respective roles of Greg Lofthus, Beverly Auld-Feldman, Rebecca Coffey, Jim Lawson, Tamara Marchese, and Charlie Baughman.

**RESPONSE:** Defendant objects that this request does not seek documents that are relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant further objects that the phrase "coaches', supervisors, managers, human resources representatives' and or other relative job roles' manuals" is vague and ambiguous and Defendant cannot speculate as to what documents are sought by this request. Subject to these objections, Defendant responds that it is not aware of responsive documents in existence.

**REQUEST FOR PRODUCTION NO. 5**: Please produce any and all documents that refer or relate to Progressive's policies or procedures regarding performance evaluations and or job reviews which were in effect at any time during Plaintiff's employment.

**RESPONSE:** Please see Defendant's objections and response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 6**: Please produce any and all documents that refer or relate to your policies or procedures for disciplining and or terminating the employment of one of your employees.

**RESPONSE:** Please see Defendant's objections and response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 7**: Please produce any and all documents that refer or relate to any interview(s) which you, or anyone acting on your behalf, had with plaintiff before you hired him, including, but not limited to, any notes from such interviews.

**RESPONSE:** Following a reasonable search, Defendant has identified and is producing the following documents, bates labeled Progressive 0000235 - 307. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not

7

proportional to the needs of this case. Defendant further objects that the phrase "anyone acting on your behalf" is overbroad, vague, and ambiguous.

**REQUEST FOR PRODUCTION NO. 8**: Please produce any and all documents and communications that refer or relate to any performance evaluations, performance metrics, compliments, or job reviews of Plaintiff during his employment with Progressive. Please include the compliments (or the number of compliments) from customers for Plaintiff's customer service which were forwarded to Plaintiff's work phone and or his supervisor Rebecca Coffey's work phone [preferably as ESI, converted to .wav or .mp3 file format, a standard, 120 mm compact disk/CO-ROM, and or a transcript]. Please state the name, gender, position or job title, and employment dates of each person who gave Plaintiff's performance evaluation and or job review per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** In addition to what has already been produced, and following a reasonable search, Defendant has identified and is producing the following documents, bates labeled Progressive 0000597; Progressive 0000697; Progressive 0000749; Progressive 0000512; Progressive 0000514; Progressive 0000516; Progressive 0000518; Progressive 0000520; Progressive 0000522; Progressive 0000523; Progressive 0000524; Progressive 0000525; Progressive 0000527; Progressive 0000528; Progressive 0000532; Progressive 0000535; Progressive 0000538; Progressive 0000540; and Progressive 0000542. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not proportional to the needs of this case. Defendant further objects that the terms "compliments" and "job reviews" are vague and ambiguous. Additionally, Defendant objects to this Request for Production to the

extent that it requests Defendant "state" an answer, which is appropriate for an Interrogatory, but not a Request for Production.

**REQUEST FOR PRODUCTION NO. 9**: Please produce any and all documents and communications that refer or relate to any performance evaluations, performance metrics, or job reviews of plaintiff's coworkers or other employees in the same job role as Plaintiff at the same site (Colorado Springs) during Plaintiff's employment with Progressive. Please include the compliments (or the number of compliments) from customers to Plaintiff's coworkers for his co-worker's customer service to said customers (in the same file format as the previous production response). Please state the name, gender, position or job title, and employment dates of each employee and the person who gave each employee's performance evaluation and or job review per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendant objects to this request as irrelevant and unlikely to lead to the discovery of relevant or admissible evidence. This request is also unduly invasive to the privacy interests of non-parties to this lawsuit and overbroad and unduly burdensome to the extent that it requests "any performance evaluations" of Plaintiff's co-workers. Additionally, Defendant objects to this Request for Production to the extent that it requests Defendant "state" an answer, which is appropriate for an Interrogatory, but not a Request for Production.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents and communications that refer or relate to any write-ups, performance improvement plans, complaints, comments, criticisms, warnings, disciplinary actions, or counseling given to Plaintiff, oral or written, concerning Plaintiff's employment with Progressive. Please state the

9

name, gender, position or job title, and employment dates of each person who made decisions that refer or relate to any and all disciplinary or adverse actions given to Plaintiff, oral or written, concerning Plaintiff's employment with Progressive per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** Please see Defendant's objections and responses to Requests for Production Nos. 1 and 2, as documents responsive to this request are being produced therein.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all documents and communications that refer or relate to any write-ups, performance improvement plans, complaints, comments, criticisms, warnings, disciplinary actions, or counseling given to Plaintiff's coworkers or other employees in the same job role at the same site (Colorado Springs) during Plaintiff's employment with Progressive, oral or written, concerning these coworkers' employments with Progressive. Please state the name, gender, position or job title, and employment dates of each employee and the person who made decisions that refer or relate to any and all disciplinary or adverse actions given to each employee, oral or written, concerning their employment with Progressive per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendant objects to this request as irrelevant and unlikely to lead to the discovery of relevant or admissible evidence. This request is also unduly invasive of the privacy interests of non-parties to this lawsuit and overbroad and unduly burdensome to the extent that it requests "any write-ups, performance improvement plans, complaints, comments, criticisms, warnings, disciplinary actions, or counseling given to Plaintiff's coworkers." Additionally, Defendant objects to this Request for Production to the extent that it requests Defendant "state" an answer,

10

which is appropriate for an Interrogatory, but not a Request for Production.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents describing the work duties and/or responsibilities of Plaintiff's position or job role when he was employed at Progressive.

**RESPONSE:** Following a reasonable search, Defendant has identified and is producing documents bates labeled Progressive 0000171-72, which is sufficient to show Plaintiff's job duties while he was employed at Progressive. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not proportional to the needs of this case. Defendant is not knowingly withholding any documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 13:** Please produce any and all documents, communications, and or statements of witnesses or potential witnesses or persons interviewed by Progressive in connection with this lawsuit. Please include documents which refer or relate to witnesses whom Defendant intends to call at trial.

**RESPONSE:** Defendant objects to this request to the extent it seeks the production of documents that may be subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  Subject to this objection Defendant responds that no responsive non-privileged documents exist.

**REQUEST FOR PRODUCTION NO. 14:** Please produce any and all e-mails, notes, memoranda or other documents that refer or relate to any and all communications by, between or among any of your current or former employees, officers or representatives that in any way refer or relate to Plaintiff and identify the individuals who communicated

11

per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome in that it requests "any and all communications" "by, between or among" "any…current or former employees" that "in any way refer or relate to Plaintiff." It is not narrowed by relevant time period, custodian, subject matter, etc. It is not proportional to the needs of this case for the same reason. Defendant further objects to the extent that this request seeks to invade the attorney/client and/or work product privileges. Subject to these objections, Defendant responds as follows: please see Defendant's response to Request for Production No. 2 as documents responsive to this request are being produced therein.

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all documents that refer or relate to any charge, complaint, allegation, execution of a settlement agreement, grievance and/or report, formal or informal, by any of your current or former employees about discrimination, retaliation, and or employment torts over the past 5 years.

**RESPONSE:** Defendant objects to this request on the basis that it seeks inadmissible "me too" evidence and therefore is not proportional to the needs of this case. The U.S. Supreme Court has held that evidence related to alleged discrimination against employees other than the Plaintiff, so-called "me too" evidence, is generally not relevant to claims of discrimination. *See generally Sprint v. Mendelsohn*, 552 U.S. 379 (2008); *Sprint v. Mendelsohn*, 587 F. Supp. 2d 1201, 1218 (D. Kan. 2008), aff'd, 402 Fed. Appx. 337, 2010 U.S. App. LEXIS 23451 (2010) (applying ruling on remand to exclude all "me too" evidence). Further, information related to the fact that discrimination has previously been alleged and/or that such allegations have been investigated is not probative to whether discrimination

12

occurred as a matter of law. *See Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980) ("evidence or testimony [regarding prior charges of discrimination] would . . . raise potentially damaging inferences against Glenmore that are not supported by the mere fact that a 'charge' had been filed."). Accordingly, requests related to allegations of discrimination by third parties, including requests related to any component of such allegations, the employer's response to them, or actions that were ultimately taken in relation to them, seek information that is not itself relevant, and which, without some concrete and specific demonstrated connection to the Plaintiff and/or the Plaintiff's claims, are also not reasonably calculated to lead to the discovery of relevant evidence.

Defendant further objects to this request to the extent that is seeks documents protected by the attorney/client or work product privileges.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all documents or communications that refer or relate to your files regarding the qualifications, scores and job skills for the person(s) hired or promoted by you for the technical writing and legal assistant job role(s) at Progressive which Plaintiff applied for while he was employed at Progressive, as well as such files for the person(s) in Plaintiff's training class who were cross-trained and or transferred departments. Per Interrogatory 13 in Plaintiff's First Set of Interrogatories, please state the name, gender, position or job title, and employment dates of the person(s) who made the personnel decisions, the person(s) hired or promoted by you for the aforementioned job roles, and the person(s) in Plaintiff's training class who were cross-trained and or transferred departments.

**RESPONSE:** Following a reasonable search, Defendant has identified and is producing the following documents, bates labeled Progressive 0000545; Progressive 0000173; Progressive

0000204 – 233; Progressive 0000318 – 356. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not proportional to the needs of this case. Defendant further objects that the phrase "files for the person(s) in Plaintiff's training class who were cross-trained and or transferred departments" is vague and ambiguous. Defendant also objects to this request to the extent that it seeks confidential information and personally identifiable information regarding non-parties to this lawsuit. Additionally, Defendant objects to this Request for Production to the extent that it requests Defendant "state" an answer, which is appropriate for an Interrogatory, but not a Request for Production.

**REQUEST FOR PRODUCTION NO. 17**: Please produce any and all documents that refer or relate to any comparison made between Plaintiff and any other individual employed by Progressive the period of time beginning 1 year prior to Plaintiff's employment through the present who held the same or similar position, title, job duties or job description as Plaintiff. Please state the name, gender, position or job title, and employment dates of each employee and the person who made the comparison per Interrogatory 13 in Plaintiff's First Set of Interrogatories.

**RESPONSE:** Following a reasonable search, Defendant has identified and is producing the following documents, bates labeled Progressive 0000549 and Progressive 0000551. To the extent that Plaintiff's request seeks additional materials, Defendant objects that additional searches are not proportional to the needs of this case. Defendant further objects to the extent that this request seeks confidential information and personally identifiable information regarding non-parties to this lawsuit. Additionally, Defendant objects to this Request for Production to the extent that it

FIRMWIDE:159288657.2 076059.1053

requests that Defendant "state" an answer, which is appropriate for an Interrogatory, but not a Request for Production.

**REQUEST FOR PRODUCTION NO. 18**: Please produce a sound recording [preferably as ESI, and or converted to .wav or .mp3 file format, or even a standard, 120 mm compact disk/CO-ROM] of the phone call Plaintiff took on August 5th of 2017 before clocking out for lunch while he was employed at Progressive. For reference, the phone call was between myself and an upset female customer, it was a relatively long conversation, about an hour or more. This audio may contain offensive language which Plaintiff or Progressive should be able to edit out using software if necessary.

**RESPONSE:** After a reasonable search, Defendant was unable to locate any recording matching the description of this request. Specifically, Defendant searched its NICE system under Plaintiff's name, phone number, and unique employee number. Multiple Progressive representatives listened to over twenty phone calls available in its system on or around the date identified above, none of which matched the description of this request. Defendant objects that additional searches are not proportional to the needs of this case nor likely to lead to discovery of admissible evidence. Defendant further objects to the extent that this request seeks confidential information and personally identifiable information regarding non-parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 19:** Please produce a document which lists or reveals all current Progressive employees at the Colorado Springs site and identity their names, gender, employment dates, and job or position title; as well as a second document which lists all Progressive employees at the Colorado Springs site [with the same identifying

information] from within the timeframe of January 15th, 2016 to when Plaintiff was terminated from employment at Progressive.

**RESPONSE:** Following a reasonable search, Defendant has identified and is producing the following document, bates labeled Progressive 0000544, which reflects individuals in Plaintiff's Academy class. To the extent that Plaintiff's request seeks additional information, Defendant objects to the extent that this request requires Defendant to create documents not in existence. Defendant further objects to the extent that this request seeks confidential information and personally identifiable information regarding non-parties to this lawsuit. Finally, Defendant objects that this request is overbroad and not proportional to the needs of this case in that it seeks lists of "all Progressive employees" at the Colorado Springs site and is not limited by job title or other relevant factor.

**REQUEST FOR PRODUCTION NO. 20:** Please produce a photograph, picture, image in electronic file format (.tif, .jpeg, .pdf, etc.), or some other form of visual media which fully and clearly reveals Greg Lofthus's tattoo on his arm of a dog (or other canine such as a wolf) which was given to him by Progressive (or paid for by Progressive).

**RESPONSE:** Defendant hereby incorporates its objections and Answer to Interrogatory No. 20 herein. Additionally, Defendant objects to this request to the extent that it requires Defendant to create documents not in existence.

**REQUEST FOR PRODUCTION NO. 21:** Please produce a photograph, picture, image in electronic file format (.tif, .jpeg, .pdf, etc.), or some other form of visual media which reveals any tattoo(s) on Beverly Auld-Feldman, Jim Lawson, and or Charlie Baughman given to them by Progressive (or paid for by Progressive).

16

**RESPONSE:** Defendant hereby incorporates its objections and response to Request for Production No. 21. Additionally, Defendant objects to this request to the extent that it requires Defendant to create documents not in existence.

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all [not insurance policy related] documents and or communications between Progressive (or employees of Progressive) and Plaintiffs family members [who live or lived in Pennsylvania] for the time period of January 1st, 2011 until present.

**RESPONSE:**   After a reasonable search, Defendant responds that it is not aware of any responsive documents in existence.   Defendant objects that additional searches are not proportional to the needs of this case. Defendant further objects that the phrase "family members" is not defined, and therefore vague and ambiguous. Finally, Defendant objects that this request does not seek relevant information nor is it reasonably likely to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all documents and or agreements that refer or relate to labor and employment which were created, discussed, reviewed, negotiated, signed, and or executed during the meeting(s) of Mayor John Suthers and Governor John Hickenlooper at or with Progressive Insurance while Plaintiff was employed with Progressive. Please also include in this production any such documents or agreements which were created, discussed, reviewed, and or negotiated during the aforementioned meeting(s) but which were signed and or executed at another time and or place.

17

**RESPONSE:** Defendant objects that the information sought by this request is not relevant or reasonably likely to lead to the discovery of relevant or admissible evidence. Defendant also objects that this request is overbroad in that that it does not identify a specific meeting or event about which it seeks information.  It is also not proportional to the needs of discovery and is unduly burdensome.  Subject to these objections, please see Defendant's response to Interrogatory No. 24.

**REQUEST FOR PRODUCTION NO. 24:** Please produce documents and or communications you intend to introduce into evidence during the trial of this lawsuit.

**RESPONSE:** Defendant objects to this request as premature. Defendant will identify trial exhibits in accordance with the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 25:** Please produce copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial, including any and all documents referred to by Defendant to answer Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendant hereby incorporates its objections and response to Request for Production No. 24.  Defendant further objects to this request to the extent that it seeks to impose requirements on Defendant beyond the scope of the Federal or Local Rules of Civil Procedure.

18

DATED this 21st day of December.

Margaret Parnell Hogan
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Phone:  303.629.6200
Fax: 303.629.0200
Email:  mphogan@littler.com
           kbosbyshell@littler.com

ATTORNEYS FOR DEFENDANT

19

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2018, a true and correct copy of the

foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR**

**PRODUCTION** was served on the following via U.S. Mail postage prepaid and FedEx.

Justin Mohn
1625 E. Woodmen Rd, Apt. 49
Colorado Springs, CO  80920
justindmohn@gmail.com

*Pro se*

s/    *Arlene Aguilar*
Arlene Aguilar

FIRMWIDE:159288657.2 076059.1053