FILED  
United States Court of Appeals  
Tenth Circuit  

February 10, 2020  

Christopher M. Wolpert  
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

JUSTIN MOHN,

    Plaintiff - Appellant,

v.

PROGRESSIVE INSURANCE,

    Defendant - Appellee.

No. 19-1207  
(D.C. No. 1:18-CV-00812-MSK-KMT)  
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.

———————————————————

Justin Mohn, appearing pro se, appeals from the district court's grant of summary judgment to his former employer, Progressive Insurance, on his claims of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Progressive Insurance hired Mohn as a customer service representative in October 2016. New hires such as Mohn participate in Progressive's customer service academy program. As part of the academy, Progressive assigns each employee a coach who provides job-specific training. When the coach and a program manager conclude that a trainee meets certain job-related metrics, the trainee graduates from the academy. Trainees typically graduate after participating in the academy for 10 to 12 weeks. Mohn graduated in 13 weeks, finishing in March 2017.

In the summer of 2017, Mohn sought permission to apply for other positions with Progressive despite the company's policy that customer service representatives work with the company for a least a year before applying to switch positions. One of Mohn's supervisors declined his request to apply for a position with Progressive's information technology service desk because Mohn's description of his experience did not "match what [was] minimally required" for the job. R. Vol. 2 at 316.

Mohn did apply for a senior copywriter position in July 2017. The "minimum requirements" for this position included possessing either a bachelor's degree in a writing-related field such as journalism or "8 years' creative writing experience and experience as a copywriter." *Id.* at 331. Mohn admits that he did not meet these minimum requirements. Progressive did not transfer him to this position.

Mohn also applied for a legal assistant position in August 2017 despite lacking any training in the field or prior experience as a legal assistant. Progressive did not transfer him into this position either.

2

On August 5, 2017, Mohn kicked open the doors to Progressive's facilities. While Mohn characterized the act as "open[ing] the door with [his] foot," "because [he] used to play soccer," *id.* at 285, he does not dispute that the act occurred. Progressive placed him on administrative leave on August 17 and fired him on August 24, 2017. The company stated that it fired Mohn due to "his refusal to comply with Progressive's code of conduct which includes, but is not limited to, Mr. Mohn kicking open our facility doors." *Id.* at 153.

Mohn then filed this suit, alleging Progressive engaged in sex discrimination by delaying his graduation from the academy, refusing to promote him, and terminating him. Prior to the discovery cutoff, Mohn filed a motion for summary judgment in January 2019. In his motion, he complained that Progressive had not adequately responded to all his discovery requests and asked that the court compel additional discovery. But he nonetheless "contend[ed] all the necessary factual issues [were] settled or so one-sided they need not be tried, for there [were] no important facts still in dispute." *Id.* at 64.[1]

After conducting additional discovery, Progressive filed a cross-motion for summary judgment in April 2019. Mohn's response to Progressive's motion made equivocal remarks regarding the need for additional discovery. For example, at one point he noted that "there are no factual issues remaining to be tried . . . and there are

---

[1] Progressive "interpret[ed] [Mohn's] motion as being both a Motion for Summary Judgment and a Motion to Compel Discovery." R. Vol. 2 at 127. While Progressive maintains this interpretation on appeal, we note that Mohn never filed a stand-alone motion to compel discovery.

3

no important facts still in dispute, so Plaintiff is entitled to summary judgment on any and all claims." *Id.* at 358–59. And he observed that while Progressive was allegedly "hiding certain documents" that would "further support" his claims, he believed that "the documents already produced" justified granting summary judgment in his favor such that it would be "a waste of [the] court's time and resources to compel discovery of said documents." *Id.* at 377. But at another point he argued that Progressive could not "show[] the absence of a genuine issue of material fact because [Progressive] ha[d] not adequately produced discovery according to [Mohn's] requests." *Id.* at 378.

The district court granted summary judgment to Progressive without ordering additional discovery and this appeal followed.

## II.  Discussion

We review the district court's summary judgment decision de novo, viewing the factual record and making reasonable inferences from it in the light most favorable to the nonmoving party. *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To avoid summary judgment, a party must produce *specific* facts showing that there remains a genuine issue for trial." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771–72 (10th Cir. 1988) (internal quotation marks omitted).

4

We construe Mohn's pro se filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## A. Mohn Did Not Establish a Prima Facie Case of Discrimination Based on Progressive's Delay in Graduating Him from the Academy or Failure to Promote Him

A plaintiff, like Mohn, who relies on circumstantial evidence has the burden on summary judgment of demonstrating a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The district court concluded that Mohn failed to establish a prima facie case of discrimination based on Progressive's delay in graduating him from the academy or its failure to promote him. Mohn does not advance a reasoned argument that the court erred in reaching this conclusion.[2] Nor does he cite any evidence that undermines it. We affirm the district court's ruling on these issues for substantially the same reasons cited by the district court.

## B. Mohn Did Not Establish that Progressive's Proffered Rationale for Firing Him Was Pretextual

The district court assumed, without deciding, that Mohn established a prima facie case of discrimination with respect to his termination. Applying the *McDonnell*

---

[2] Mohn does claim the district court erred by requiring him to produce a female comparator to establish his prima facie case. But the district court did not impose such a requirement. It instead noted that proffering comparator evidence is "[o]ne of the ways that an employee can demonstrate circumstances giving rise to an inference of discrimination." R. Vol. 2 at 417. And the district court found Mohn's proffered comparator evidence wanting because it did not establish that the females Mohn identified were "similarly-situated to [Mohn] in any relevant category of performance." *Id.* at 417–18.

*Douglas* burden-shifting framework,[3] the district court noted Progressive's proffered non-discriminatory rationale for firing Mohn—violating its code of conduct by kicking open the doors to their office, among other things. And the district court rejected Mohn's claims of pretext.

Mohn argues that the district court erred by failing to consider how the circumstances surrounding his termination support an inference that Progressive's stated rationale was pretextual. These include: (1) Progressive's shifting rationale; (2) Progressive's delay in providing its rationale; (3) the company's deviation from its policy of providing a warning or discipline before termination; (4) a factfinder's potential disbelief of Progressive's reason for his termination; (5) Mohn's practice of often kicking open doors without punishment before he made claims of discrimination; (6) Progressive's policies that do not support termination for similar acts; and (7) Progressive's shoddy investigation. But Mohn fails to cite record evidence that establishes any of these facts.[4] We therefore reject his argument. *Cf. Bekkem v. Wilkie*, 915 F.3d 1258, 1268 (10th Cir. 2019) ("Mere conjecture that the

---

[3] Under the *McDonnell Douglas* burden-shifting framework, if the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for its adverse action. *See McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's proffered rationale was pretextual. *See id.* at 804

[4] The only evidence Mohn cites relates to his claim that company policy requires a warning or discipline before termination. But the document he cites states: "Nothing contained in this policy precludes immediate termination in cases of serious violations of our Code of Business Conduct and Ethics or Our Workplace Policies." Supp. R. at Progressive 0000109.

6

employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." (internal quotation marks omitted)).

Mohn further appears to argue that the district court erred by failing to apply the "pretext plus" doctrine, which requires a plaintiff to provide "*additional*, direct evidence of a discriminatory motive." *Neal v. Roche*, 349 F.3d 1246, 1249 (10th Cir. 2003) (emphasis added).[5]  We rejected the pretext plus doctrine in *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995), and the district court therefore did not err by failing to apply it.

## C. The District Court Did Not Err by Granting Summary Judgment to Progressive Before Ruling on Mohn's Embedded Motion to Compel

Mohn argues that the district court erred by granting summary judgment to Progressive without ruling on the motion to compel that he embedded in his motion for summary judgment.  "We review . . . the district court's . . . decision to grant summary judgment before ruling on [Mohn's] motion to compel for an abuse of discretion."  *Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010).

Rule 56(d) states that if a party opposing a summary judgment motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may deny the motion, defer consideration pending

---

[5] While Mohn states that "the pretext-plus rule should have been applied," Aplt. Opening Br. at 25, he does not advance a reasoned argument for its application. Given that the doctrine would impose a more stringent standard on Mohn, we question whether he intended to press this argument in his pro se brief.

7

additional discovery, or take other appropriate actions.  The affidavit "must explain why facts precluding summary judgment cannot be presented," "identify[] the probable facts not available and what steps have been taken to obtain these facts," and "explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (internal quotation marks omitted).  "[W]here a party opposing summary judgment fails to take advantage of the shelter provided by Rule 56[(d)] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Campfield v. State Farm Mut. Auto. Ins.*, 532 F.3d 1111, 1125 (10th Cir. 2008) (internal quotation marks omitted).[6]  An "unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56[(d)] and results in a waiver."  *Comm. for the First Amendment*, 962 F.2d at 1522.

Mohn did not file a Rule 56(d) affidavit and his pro se status does not excuse this failure, *see Garrett*, 425 F.3d at 840.  In any event, his unverified response to Progressive's motion for summary judgment equivocated regarding whether he sought additional discovery.  The district court therefore did not abuse its discretion in granting summary judgment to Progressive before ruling on the discovery issues that Mohn raised in his summary judgment motion.

---

[6] Before 2010, Rule 56(d)'s provisions were codified as Rule 56(f).  *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

**D. Mohn Does Not Develop Any Other Arguments on Appeal**

Mohn also purports to appeal from the district court's rejection of his motions to amend his complaint. We review the "decision to deny leave to amend a complaint for an abuse of discretion." *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009). Mohn fails to articulate how the district court abused its discretion with respect to these matters. We therefore decline to review these rulings. *See, e.g.*, *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) ("[P]erfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." (internal quotation marks omitted)).

## III.  Conclusion

For the reasons stated above, we affirm the district court's grant of summary judgment to Progressive Insurance and its denial of summary judgment to Justin Mohn. Progressive Insurance's motion to supplement the record is denied as moot in light of the court's January 24, 2020 order supplementing the record.

                                                Entered for the Court

                                                Nancy L. Moritz
                                                Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | February 10, 2020 | Jane K. Castro<br>Chief Deputy Clerk |

Mr. Justin Mohn
145 Upper Orchard Drive
Levittown, PA 19056

**RE:**   **19-1207, Mohn v. Progressive Insurance**
         Dist/Ag docket: 1:18-CV-00812-MSK-KMT

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc:   Margaret Parnell Hogan

CMW/lg